FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 14, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUSTIN D., | No. 2:18-CV-00227-JTR |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 13, 14. Attorney Dana C. Madsen represents Justin D. (Plaintiff); Special Assistant United States Attorney Alexis Toma represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **DENIES** Plaintiff's Motion for Summary Judgment and **GRANTS** Defendant's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income (SSI) on September 16, 2014, Tr. 115, alleging his disability began on May 1, 2013, Tr. 240, due to depression, posttraumatic stress disorder (PTSD), social anxiety, and lower back pain, Tr. 315. The application was denied initially and upon

reconsideration. Tr. 151-54, 158-60. Administrative Law Judge (ALJ) Lori Freund held a hearing on September 22, 2016 and heard testimony from Plaintiff, medical expert Harvey Alpern, M.D., psychological expert Margaret Moore, Ph.D., and vocational expert Fred Cutler. Tr. 44-95. The ALJ issued an unfavorable decision on August 14, 2017. Tr. 18-33. The Appeals Council denied review on May 24, 2018. Tr. 1-5. The ALJ's August 14, 2017 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g), 1383(c). Plaintiff filed this action for judicial review on July 20, 2018. ECF Nos. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 29 years old at the date of application. Tr. 240. Plaintiff attended special education courses, and the highest grade he completed was the Ninth. Tr. 316. His reported work history includes the jobs of cashier, fast food worker, and construction laborer. Tr. 316, 323. When applying for benefits Plaintiff reported that he stopped working on April 30, 2013 because of his conditions. Tr. 315.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put

another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. § 416.920(a)(4). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work, and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, he is found "disabled". 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On August 14, 2017, the ALJ found that from September 16, 2014 through the date of the August 14, 2017 decision, Plaintiff was not disabled as the term is

defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 16, 2014, the date of application. Tr. 20.

At step two, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, mild; obesity; polysubstance dependence (alcohol, cannabis, history of methamphetamine); personality disorder; antisocial/cluster B; and depression, unspecified. Tr. 20.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 21.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined he could perform a range of light work with the following limitations:

> The claimant can occasionally lift and carry a maximum of 20 pounds and can frequently lift and carry a maximum of 10 pounds. The claimant can sit for one hour at one time for a total of six hours in an eight-hour workday with normal breaks. He requires a cane for ambulation. The claimant can stand and walk for one hour at a time for a total of four hours in an eight-hour workday with normal breaks. The claimant can frequently use his left foot for operation of foot controls. He can occasionally stoop, balance, kneel, crouch and crawl. The claimant can occasionally climb ramps, stairs, ladders, ropes and scaffolds. The claimant can perform simple and repetitive tasks. He can occasionally interact with coworkers and supervisors on a superficial basis, but he can never perform tandem tasks. He would work best away from the public. The claimant can tolerate occasional changes in work settings.

Tr. 23. The ALJ identified Plaintiff's past relevant work as fast-food worker, construction worker, cashier II, and car cleaner and found that he could not perform this past relevant work. Tr. 31.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of

1 | the vocational expert, there were other jobs that exist in significant numbers in the
2 | national economy Plaintiff could perform, including the jobs of garment sorter,
3 | inspector-packer, and table worker. Tr. 32. The ALJ concluded Plaintiff was not
4 | under a disability within the meaning of the Social Security Act from September
5 | 16, 2014, through the date of the ALJ's decision. Tr. 32.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by failing to properly weigh Plaintiff's symptom statements and by failing to properly weigh the medical opinions in the record. ECF No. 13. Additionally, Plaintiff argues that these errors were not harmless and requests the Court remand the matter for an immediate award of benefits. *Id.*

## DISCUSSION

### 1. Plaintiff's Symptom Statements

Plaintiff contests the ALJ's determination that Plaintiff's symptom statements were unreliable. ECF No. 13 at 12-13.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms to be "not entirely consistent with the medical

evidence and other evidence in the record." Tr. 25. Specifically, the ALJ found that (1) Plaintiff's allegations were not supported by the medical evidence, Tr. 25, 28, (2) Plaintiff's allegations were inconsistent with his reported activities, Tr. 28, and (3) Plaintiff's allegations were inconsistent with the minimal and sporadic treatment in the record, Tr. 25, 28.

### A. Medical Evidence

The ALJ's first reason for rejecting Plaintiff's symptom statements, that they were inconsistent with the medical evidence, was not properly challenged by Plaintiff. ECF No. 13 at 12-13.

An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's testimony. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). However, this cannot be the only reason the ALJ provides for rejecting such testimony. *See Lester*, 81 F.3d at 834 (ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (Although it cannot serve as the sole ground for rejecting a claimant's credibility, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects.").

Here, the ALJ repeatedly found that Plaintiff's allegations of symptoms were not supported by the medical evidence. Tr. 25 ("the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . ."); Tr. 28 ("The claimant's allegation that he can do very little due to worsening low back pain and leg pain does not correspond with the very mild objective findings. . ."); Tr. 28 ("the objective medical evidence again does not document clinical findings of abnormality that in any way establish total disability under the Social Security Act or corroborate the degree of symptomatology and limitation

the claimant has alleged . . ."). Plaintiff's Motion for Summary Judgment did not address this reason. ECF No. 13 at 12-13. Therefore, this Court is not required to address it. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). The Ninth Circuit explained the necessity for providing specific argument:

> The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. Particularly on appeal, we have held firm against considering arguments that are not briefed. But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting. However, much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). We require contentions to be accompanied by reasons.

*Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).[1] Moreover, the Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). By failing to address the argument in his opening brief, Plaintiff waived it.

Plaintiff's Reply briefing did address this reason. ECF No. 15 at 1-3. However, instead of addressing the examples provided by the ALJ in support of her determination, Plaintiff simply argued that the medical evidence did support his statements. *Id*. This amounts to offering an alternative interpretation of the

---

[1]Under the current version of the Federal Rules of Appellate Procedure, the appropriate citation would be to FED. R. APP. P. 28(a)(8)(A).

ORDER GRANTING DEFENDANT'S MOTION - 7

evidence, which will not be considered by the Court. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

### B. Reported Activities

The ALJ's second reason for rejecting Plaintiff's symptom statements, that they were inconsistent with Plaintiff's reported activities, is not specific, clear and convincing.

A claimant's daily activities may support an adverse credibility finding if (1) the claimant's activities contradict his other testimony, or (2) "the claimant is able to spend a substantial part of his day engaged in pursuits involving performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). "The ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Id.* (quoting *Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir. 2005)). A claimant need not be "utterly incapacitated" to be eligible for benefits. *Fair*, 885 F.2d at 603.

Here, the ALJ found that Plaintiff's "assertions of extreme pain and weakness are also inconsistent with his admissions that [he] performs a very wide range of activities of daily living, such as preparing meals, doing laundry, sweeping, driving and going out shopping in stores for groceries." Tr. 28. The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain." *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) ("impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day"); *see Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar

to typical work responsibilities."); *Smolen*, 80 F.3d at 1287 n. 7 ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication." (citation omitted)); *Fair*, 885 F.2d at 603 ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."). Therefore, the ALJ's conclusion that Plaintiff's ability to perform the activities of preparing meals, doing laundry, sweeping, driving, and shopping for groceries was inconsistent with his alleged pain is not specific, clear and convincing.

While this reason did not meet the specific, clear and convincing standard, any error is considered harmless because the ALJ provided other reasons that went unchallenged by Plaintiff. *See Carmickle,* 533 F.3d at 1163 (upholding an adverse credibility finding where the ALJ provided four reasons to discredit the claimant, two of which were invalid); *Batson*, 359 F.3d at 1197 (affirming a credibility finding where one of several reasons was unsupported by the record); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination").

### C. Minimal and Sporadic Treatment

The ALJ's third reason for rejecting Plaintiff's symptom statements, that they were inconsistent with the minimal and sporadic treatment Plaintiff received, is unchallenged by Plaintiff.

Unexplained or inadequately explained reasons for failing to seek medical treatment can cast doubt on a claimant's subjective complaints. *Fair*, 885 F.2d at 603; *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) (finding the ALJ's decision to reject the claimant's subjective pain testimony was supported by the fact that claimant was not taking pain medication). Here, the ALJ found that Plaintiff's

"allegations of total disability under the Social Security Act is contradicted by the facts that he has not required hospitalization and never been referred for injection treatment or surgical intervention," Tr. 25, and that "[t]he record reflects minimal and sporadic mental health treatment with conservative antidepressant/anxiety medication and some counseling," Tr. 28.

Plaintiff failed to challenge this reason in his Motion for Summary Judgment. ECF No. 13 at 12-13. Therefore, the Court will not consider it further. *See Carmickle*, 533 F.3d at 1161 n.2.

Considering the ALJ provided two reasons that were not properly challenged by Plaintiff, the Court will not disturb the ALJ's determination.

## 2. Medical Opinions

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinions expressed by William Roth, M.D., Dr. Arnold, and Dr. Alpren. ECF No. 13 at 15-17.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830. The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn*, 495 F.3d at 631. Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is required to provide "specific and legitimate reasons" to reject the opinion. *Lester*, 81 F.3d at 830-31. The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and

conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### A. William Roth, M.D.

On May 10, 2016, Dr. Roth completed a Documentation Request for Medical or Disability Condition form for the Washington Department of Social and Health Services (DSHS). Tr. 499-501. He diagnosed Plaintiff with lumbar strain, depression/anxiety/PTSD, and borderline personality. Tr. 499. He stated that Plaintiff could work, look for work, or prepare for work for zero hours due to "poor personal interactions," and "not good working with public," "back pain – pain with ambulation currently treated by pain specialist." *Id*. Dr. Roth was then asked a two-part question, but the first full question is not visible on the page. Tr. 500. The second part of the question is visible and reads "If yes, this person has the following limitations." *Id*. Dr. Roth responded by checking the box associated with "Sedentary work: Able to lift 10 pounds maximum and frequently lift or carry such articles as files and small tools. A sedentary job may require sitting, walking and standing for brief periods." *Id*. He stated that the condition was permanent and likely to limit his ability to work, look for work, or train for work. *Id*.

The ALJ gave this opinion partial weight because she agreed with the limitation to only walk or stand for brief periods. Tr. 27. However, she rejected the remaining portion of his opinion for three reasons: (1) Dr. Roth provided diagnoses without supporting objective medical evidence; (2) the opinion that Plaintiff could perform sedentary work was inconsistent with the opinion he could work for zero hours; and (3) Dr. Roth provided no basis for the psychological aspect of his opinion. *Id*. Dr. Roth's opinion is inconsistent with the opinions of Robert Hander, M.D., Tr. 100-01 (opining there was no physical medical

determinable impairment), and Myung A. Song, D.O., Tr. 137-38 (limited Plaintiff to sedentary work). Therefore, the ALJ was required to provide specific and legitimate reasons to reject the opinion.

The ALJ's first reason for rejecting portions of Dr. Roth's opinion, that he failed to provide objective medical evidence in support of his diagnoses, is unchallenged by Plaintiff. ECF No. 13 at 13-15. Plaintiff does challenge the ALJ's rejection of pain testimony due to the lack of objective findings. *Id*. at 15 *citing Cotton v Bowen*, 799 F.2d 1403 (9th Cir. 1986). However, this challenge fails because the cited case addresses criteria for discounting a physician's opinion, while the issue here is the reliability of a claimant's statement. ECF No. 13 at 15. Here, Plaintiff failed to properly challenge this reason by the ALJ. Therefore, the Court will not consider the issue further. *See Carmickle*, 533 F.3d at 1161 n.2.

The ALJ's second reason for rejecting portions of Dr. Roth's opinion, that it was internally inconsistent, is specific and legitimate. Internal inconsistencies in a physician's report is a clear and convincing reason to reject an opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Here, the ALJ found that Dr. Roth's statement that Plaintiff could perform work activities for zero hours was inconsistent with his statement that Plaintiff was limited to sedentary work. Tr. 27. Plaintiff argues that these are not inconsistent. ECF No. 13 at 15. He asserts that Dr. Roth opined Plaintiff was limited to sedentary work based on his physical problems, but when the psychological problems were combined with the physical problems, Plaintiff was precluded from work. *Id*. This interpretation of the evidence is not supported by the record. This reason meets the specific and legitimate reason for rejecting Dr. Roth's opinion.

The third reason the ALJ rejected Dr. Roth's opinion, that there was no basis for the psychological portion of the opinion, is specific and legitimate. The Regulations recognize a preference for the opinion of a specialist over a generalist. 20 C.R.F. § 416.920c(c)(4). Plaintiff argues that Dr. Roth's opinion is supported

by the opinion of Dr. Arnold. ECF No. 13 at 15. However, there is no evidence in the record that Dr. Roth reviewed Dr. Arnold's opinion. So, it is unclear how this contradicted the ALJ's finding.

B. **John Arnold, Ph.D.**

On October 9, 2014, Dr. Arnold completed a Psychological/Psychiatric Evaluation for DSHS. Tr. 482-86. He diagnosed Plaintiff with the following mental health impairments: rule out somatoform disorder; major depressive disorder, recurrent, moderate to severe, generalized anxiety disorder with some social phobia features; amphetamine dependence in self-reported early full remission; rule out alcohol dependence in sustained partial remission; antisocial personality disorder; and rule out borderline intellectual functioning. Tr. 483. He opined that Plaintiff had a marked limitation in two areas of basic functioning and a moderate limitation in eight areas of basic functioning. Tr. 484. He opined that Plaintiff would be impaired with available treatment for fifteen months. *Id.* The ALJ gave the opinion little weight for two reasons: (1) it was based on Plaintiff's subjective reports and (2) the degree of limitation opined was inconsistent with the mental status exam at the evaluation. Tr. 30.

Plaintiff's briefing does not challenge the reasons the ALJ provided for rejecting the opinion. He asserts that the opinion supports Dr. Roth's opinion, ECF No. 13 at 15, and asserts that "if an examining physician's opinion are [sic] not contradicted they can only be rejected for clear and convincing reasons. Therefore, there are no clear and convincing reasons for the ALJ to reject Dr. Arnold's opinion since he was an examining psychologist." ECF No. 13 at 16. However, this is not the correct standard. When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Lester*, 81 F.3d at 830-31. But, the ALJ is still required to provide those reasons. None of the Plaintiff's argument addresses the reasons the ALJ provided for rejecting the opinion. Since Plaintiff did not challenge the

ALJ's reason for rejecting the opinion, the Court will not address the issue further. *See Carmickle*, 533 F.3d at 1161 n.2.

      **C.     Harvey L. Alpren, M.D.**

Dr. Alpren testified at the September 22, 2016 hearing, Tr. 51-56, and he responded to written interrogatories on November 23, 2016, Tr. 698-708. At the hearing, Dr. Alpren stated Plaintiff had two severe physical impairments: morbid obesity and degenerative disc disease. Tr. 54. He stated that he did not meet or equal listing 1.04. *Id*. He provided a residual functional capacity restricting Plaintiff to lifting twenty pounds occasionally, ten pounds frequently, standing or walking two out of eight hours, sitting six out of eight hours, occasional postural, and no ropes or ladders. *Id*. He stated he "could understand" the use of a cane for Plaintiff's ambulation. Tr. 55. In November of 2016, he responded to the ALJ's written interrogatories and opined that Plaintiff could sit for an hour at a time for a total of six hours, stand for an hour at a time for a total of two hours, and walk for an hour at a time for a total of two hours. Tr. 700. He stated that Plaintiff required the use of a cane to ambulate. *Id*. He limited the use of Plaintiff's left foot to only frequent operation of foot controls. Tr. 701. He limited all of Plaintiff's postural activities to occasionally. Tr. 702. He opined that Plaintiff equaled listing 1.04A by February 2016 when obesity with low back pain and "psych." were combined and citied to exhibit 17F, which contain treatment records from Northwest Spine and Pain. Tr. 707.

The ALJ gave Dr. Alpern's opinion great weight, but assigned little or no weight to the opinion that Plaintiff met or equaled listing 1.04A for three reasons: (1) it was inconsistent with the objective medical evidence; (2) it was inconsistent with the level of functioning required for Plaintiff's reported activities; and (3) it was inconsistent with the opinion of the psychological expert, Dr. Moore. Tr. 29.

Plaintiff argues that since Dr. Alpern stated Plaintiff equaled a listing, "a favorable decision should have been issued at that point." ECF No. 13 at 16. He

then argues that the opinion of a non-examining, non-treating physician does not constitute substantial evidence.  ECF No. 13 at 17.  As a medical expert at the hearing, Dr. Alpern was a non-examining, non-treating physician.  Therefore, Plaintiff's argument is unclear.  Either way, Plaintiff failed to challenge the reasons the ALJ provided for rejecting Dr. Alpern's opinion that he did not meet or equal a listing.  Therefore, the Court will not address the issue further.  *See Carmickle*, 533 F.3d at 1161 n.2.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  **Judgment shall be entered for Defendant** and the file shall be **CLOSED**.

DATED August 14, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE